WEISMANN MOTOR SALES, INC. *v.* ALLEN.

[No. 16,015. Filed February 27, 1939.]

*Samuel J. Mantel, George P. Doyle,* and *William F. Elliott,* for appellant.

*Kivett & Kivett,* and *Floyd Burns,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to recover special damages for breach of contract. The complaint alleges in substance that on or about November 27, 1934, the parties entered into a parol contract for the sale by appellant to appellee of a 1934 Dodge truck and trailer, for the sum of $525.00 and a

1931 Model Chevrolet truck and trailer, of which appellee was the owner; that appellee was to pay $25.00 down and $25.00 each month until the full amount of $525.00 was paid; that appellee, upon said November 27, performed his part of the contract, by executing to appellant an assignment of the title to the Chevrolet truck and trailer and by paying to appellant the sum of $25.00 cash, and has always been ready, able, and willing to carry out the terms of said contract; that appellant, after entering into said contract, and after appellee had made the down payment of $25.00 and assigned the title of the Chevrolet truck and trailer to appellant, refused to carry out the contract, and notified appellee that it would not comply with the terms of said contract; that appellee "has lost the use of said truck and trailer which defendant agreed to sell to him, and by reason of said facts, has been unable to carry out contracts for hauling from November 27, 1934, up to and including the present day, and has been damaged in the sum of $800.00."

Appellant filed its answer to the complaint in two paragraphs. The first paragraph was in general denial, and the second avers:

"That on or about the 28th day of November, 1934, the plaintiff advised this defendant that he was desirous of purchasing a 1934 Dodge Truck and Trailer from this defendant; that said plaintiff, as part payment therefor, desired to assign to this defendant a certain 1931 Chevrolet Truck and Trailer belonging to said plaintiff, and to pay the balance of the purchase price of said Dodge Truck and Trailer in monthly installments of $25.00 each; that this defendant advised said plaintiff that such deal would be satisfactory provided that the Finance Company, with which this defendant was doing business, would be willing to purchase the commercial paper evidencing the balance which would be owing by said plaintiff in connection with such purchase; that subject to such provision said plaintiff tendered his Certificate of Title and the sum of $25.00 to this defendant;

that the Finance Company, with which this defendant was doing business, refused to discount the commercial paper which said plaintiff desired to execute, and thereupon this defendant returned said Certificate of Title for said Chevrolet Truck and Trailer to said plaintiff, and tendered said plaintiff back the sum of $25.00; that said plaintiff retained said Certificate of Title, but refused to accept back said sum of $25.00; that this defendant does not now have and never has had possession of the 1931 Chevrolet Truck and Trailer hereinabove referred to; that this defendant has deposited said tender of $25.00 in the office of the Clerk of Marion County, Indiana, for the use and benefit of said plaintiff."

Upon the issues thus formed, the cause was submitted to the court for trial, which resulted in a finding and judgment in favor of appellee in the sum of $250.00. In due course appellant filed its motion for a new trial, assigning as causes therefor (1) the assessment of the amount of recovery is erroneous, it being too large; (2) the decision of the court is not sustained by sufficient evidence; (3) the decision of the court is contrary to law. This motion was overruled, appellant excepted, and perfected this appeal. The error assigned and relied upon for reversal is the court's action in overruling said motion.

Upon reading the evidence in this case, we find it conflicting on the question of the making of the contract here involved, but there is sufficient evidence to sustain the decision of the court in this respect. It is also proven, without any conflict in the evidence, that the truck and trailer purchased by appellee were never delivered to him, so the breach of the contract is established, leaving as a remaining question for our determination whether the evidence is sufficient to sustain the decision of the trial court relative to the question of special damages awarded to appellee.

Both parties by their respective briefs submit that

the action is one to recover for special damages. Appellant asserts "that appellee's cause of action was based solely on a claim for special damages"; while appellee states "the complaint was filed upon the theory that the damages which the plaintiff sought to recover were special damages. . . ." The cause was tried upon that theory, and from the evidence as to damages, it is apparent that the appellee sought to recover prospective net earnings which he anticipated would accrue to him upon the fulfillment by him of certain contracts which he held with third persons for transporting by truck and trailer certain live stock, hay, and household furniture, which contracts he was unable to perform.

Special damages arising from the breach of a contract are such damages as actually occur from the breach, although not such as might naturally and properly be expected on account of said breach.

In the case of *Coy v. The Indianapolis Gas Co.* (1897), 146 Ind. 655, 662, 46 N. E. 17, our Supreme Court, in discussing damages, said:

> "In actions on contract, . . . , the damages that may be recovered for a breach of the covenants and conditions are, (1) those that result from the usual, natural, and probable consequences of the breach, and which, therefore, the parties may be thought to have had in mind when they entered into the contract; and (2) special damages referred to in the contract, and which actually occur, although not such as might naturally and probably be expected to arise out of a breach of the contract. It is to be observed that such special damages are also in contemplation of the parties in making the contract, as well as the damages of the first class which naturally flow from a violation of the contract. The difference is, that damages naturally arising from a breach of the contract need not be mentioned in the agreement made, but will be presumed to have been in contemplation of the parties, whereas special damages, or those not naturally or usually arising from a breach of the contract, though contem-

plated by the parties, must be specially referred to in the contract itself."

In Sedgwick on Damages (9th ed.) vol. 1, section 170, p. 317 the author states:

"A party who claims compensation for a legal injury must show, as a part of his case, that he has suffered a loss through the injury; and the burden of proving what loss he has suffered is upon him. He is to show, with that reasonable certainty required by the law, the nature and extent of the loss for which he is entitled to compensation; and no recovery can be had for any damage which is not satisfactorily proved by the evidence."

There is evidence in the instant case to prove that at the time of the making of the contract appellant was informed of contracts which appellee then had with others to do hauling for them by truck and trailer, and expected to use the truck and trailer purchased from appellant for that purpose. It is also proven, without dispute, that within three days from the date of the contract, appellant notified appellee that it would not deliver the truck and trailer for which appellee had bargained; that shortly thereafter appellant sent to appellee its check for $25.00, representing the down payment which had been made, and returned the certificate of title to appellee which appellee had delivered to it, assigned in blank; that appellee refused to accept the check, and returned same, but retained said certificate of title; that appellee had possession of the Chevrolet truck and trailer at all times, and used same in his business.

Although there is evidence to establish the making of the contract, and its breach, the inquiry still remains concerning whether there is evidence from which the trial court could legally determine that a loss to the amount awarded resulted from the breach of the contract. In other words, we are faced with the inquiry,

does the evidence prove, with that reasonable certainty which the law requires, that appellee sustained a loss due to the breach of the contract to the extent of $250.00? The only evidence concerning this is the testimony of appellee. He testified that he had contracted to transport to Indianapolis approximately 300 head of cattle; that the usual and customary price paid for hauling live stock was ten cents per hundred pounds weight; that the expense for each trip was approximately $3.00; that he could have hauled "aproximately 12 or 14 head per load." There is an entire lack of evidence, however, to prove the weight, or approximate weight, per head of the cattle which were to be transported, and hence, no basis upon which to calculate the net returns which might have accrued to appellee from the fulfillment of his contract for the transportation of said cattle.

With reference to the contract to haul a load of furniture to St. Louis, nothing other than that there was such a contract is proven. What amount appellee was to receive for the performance of this contract, what the expense of so doing would be, or whether it was, in fact, fulfilled, either with or without loss to appellee, is not disclosed by the evidence.

There is also evidence that at the time of the making of the contract to purchase a truck and trailer from appellant, appellee had contracted to haul hay and straw for the government to Lebanon, Princeton and Evansville, Indiana, and that he fulfilled a part of the contract to haul to Lebanon, but sublet the contract to haul hay to the other two cities at the contract price. There is evidence as to the price per ton that was to be paid for such hauling, and that the operating costs, *not including labor*, was "around three and one-half to four cents a mile, depreciation and all," but no evidence whatever as to the cost or value of the services of the driver, nor as to the mileage necessary to travel to comply with said

contracts to transport the hay and straw. For cases bearing upon the question of the right to recover special damages because of the breach of executory contracts (including anticipated profits) see *Coy v. The Indianapolis Gas Co., supra; Acme Cycle Co.* v. *Clarke* (1901), 157 Ind. 271, 61 N. E. 561; *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 76 N. E. 294; *J. P. Smith Shoe Co.* v. *Curme-Feltman Shoe Co.* (1919), 71 Ind. App. 401, 118 N. E. 360; *Schaffner* v. *Preston Oil Co.* (1932), 94 Ind. App. 554, 154 N. E. 780.

After carefully reading the evidence, we conclude that it is not sufficient to sustain the decision. There was no evidence offered as to the value of the use of the truck and trailer purchased, either generally or in connection with the fulfillment of any of the contracts held by appellee, and from which he anticipated making a profit by compliance with the terms of such contracts. The evidence furnishes no basis from which the amount of damages awarded can be computed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.